## FRED SMITH, Appellant, v. CHARLES JARNAGIN, Appellee. —436 S.W.(2d) 310.

Eastern Section. August 16, 1968.

Certiorari Denied by Supreme Court November 18, 1968.

Ralph H. Noe, Jr., Morristown, for appellant.

Sam Jack Anderson, Morristown, for appellee.

SHRIVER, P.J. The parties will be referred to as plaintiff and defendant as they appeared in the Court below.

Fred Smith sued Charles Jarnagin for damages to his automobile resulting from a collision with a school bus on U.S. Highway 11-E in Hamblen County, Tennessee. The case was originally tried in the General Sessions Court of Hamblen County where there was a judgment for the defendant and then, on appeal to the Circuit Court, the case was tried before Judge John R. Todd without the intervention of a jury and again resulted in a judgment for the defendant. Thereupon, it was appealed to the Court of Appeals and, in an opinion by Judge Robert E. Cooper, the case was reversed and remanded for a new trial.

On remand the case was again tried before the Judge without a jury and once more resulting in a judgment for the defendant. From this judgment the present appeal was prayed and perfected.

## THE FACTS

Counsel for Appellant, in his brief and assignments, states the facts substantially as follows:

This case concerns an automobile accident which occurred on April 25, 1966, on Highway 11-E west of Morristown in Hamblen County, Tennessee.

The plaintiff's daughter, Carole Smith (now Carole Godwin), was driving plaintiff's automobile west on Highway 11-E, a four lane highway. She was accompanied by Jack Godwin, Jr., now her husband, and they were on their way to Carson Newman College. It was raining and the road was wet. The plaintiff's car was traveling about forty-five to fifty miles per hour when it crested a hill, and one hundred fifty to two hundred feet ahead and traveling west was the defendant, driving a school bus (B.E.p. 6). Both vehicles at this time were in the right or northern-most lane of this four lane highway (B.E. p. 5). Carole Smith (Godwin) noticed the school bus giving a right turn signal to turn North off the highway, and she slowed her vehicle to thirty to thirty-five miles per hour and proceeded into the left westbound lane (B.C. p. 6). As both vehicles proceeded westwardly, the defendant was in the right lane and plaintiff's daughter was in the left lane, and when the front of the plaintiff's car was about ten feet from the rear of the defendant's bus, the defendant Jarnagin, suddenly and without warning, swerved the rear of the bus into the left lane and blocked both westbound lanes by a turning movement (B.E. pp. 6-7). Faced with an emergency the plaintiff's daughter cut her vehicle to the right and her vehicle collided with the right side of the defendant's bus. Plaintiff's vehicle then hit a culvert, going in front of the bus on the north side of the highway (B.E. pp. 6-7). The bus was moved before the officer arrived to investigate, and when he arrived the left rear end of the bus was in the center of the two westbound lanes (B.E. p. 49).

The damage to plaintiff's automobile was stipulated to be One Thousand Two Hundred Twenty-nine ($1,229.00) Dollars.

Judge Todd rendered an opinion in the case which is included in the transcript of the record, and, among other things, he stated:

"Miss Smith, the driver of her father's car testified that she saw this school bus 90 yards when a signal was being given by the school bus to make a right turn.

It's undisputed in this record that there were 4 lights—red lights on the back of the bus, and that the sign was being given to make a right turn by the driver of the school bus."

He further states that Miss Smith testified that she pulled over into the left lane of the highway while driving at a rate of 45 to 50 miles per hour; that she had slowed down somewhat and that, when confronted with the bus as it swung into the left lane, she pulled to her right and struck the bus on the right side; that the bus driver denied that he pulled his bus out of the right lane; that he had made this turn time and again while transporting children to and from the school and that it was not necessary for him to swing into the left lane in order to make the turn; that the car driven by Miss Smith struck the right side of the bus and then ran on in front of the bus and beyond the middle of the road that the bus was turning into and into a ditch; that there was about 9 feet of shoulder at this intersection so that the road was of sufficient width as not to require this 28 foot bus to swing into the left lane of travel in order to make the turn. The opinion continues:

"This law-suit was tried and the Court found that the negligence of Miss Smith contributed as a proximate cause. That she saw the school bus signal, and the Court holds that that was a signal of danger, warning to her and every other person driving behind a school bus—the statute provides that a person approaching the rear of a motor vehicle on the highway, or street, seeing that there's a signal being given for some maneuver, the law requires the driver to get his or her vehicle under control so as to be able to stop if it becomes necessary, in the event the driver of the vehicle in front has given a wrong signal. The driver behind is charged with the knowledge of a prudent person. That signal may be erroneous, it may be wrong."

\* \* \* \* \* \*

"This Court—the Trial Court, has a duty to perform to the best of its skill and ability, to decide a law-suit, and the Court heard the evidence in this case yesterday, listened to it carefully, observed the witnesses, saw the diagram filed in the case, and heard the officer, deputy sheriff of Hamblen County, who went to the scene immediately—heard him testify, and the Court is of the opinion from this evidence, by a preponderance of this evidence, that Miss Smith, when she saw that school bus in front of her at the distance she says that it was, with the signal being given for a right turn, that she should have gotten her automobile under control, and kept it under control to the point where if the bus—the signal on the bus was wrong—that she could have stopped her car and prevented the accident in the exercise of ordinary care, and if Miss Smith, by the exercise of ordinary care could have avoided the acci-

dent and failed to exercise it in that degree of care and caution that an ordinary prudent person would exercise, then she's the author of her own misfortune, and her negligence would be imputable to her father who owned the car.

A person must see what's there to be seen and hear what's to be heard, and if it is there to be seen the law deems it to have been seen.

So, negligence, gentlemen, consists of conduct, not what may have caused such conduct.

\*    \*    \*    \*    \*    \*

"The Court is of the opinion that she was negligent as a matter of law, and the Court is further of the opinion that she violated—that she failed to heed the statute requiring a person, seeing a signal given, to get his or her car under control, keep it under control to see what maneuver the car in front, or the motor vehicle in front, is going to do, and the Court thinks Miss Smith was negligent in failing to obey that statute, and again, the Court is of the opinion that her negligence contributed as a proximate cause from this evidence the Court has heard here."

\*    \*    \*    \*    \*.    \*

"The Court is of the opinion that her negligence is imputable to her father, and the father cannot recover, therefore, the Court finds that Miss Smith was guilty of negligence that contributed as a proximate cause from the record that was made up yesterday, and the case is dismissed."

## ASSIGNMENTS OF ERROR

There are seven assignments which raise the question of the preponderance of the evidence; the question of proximate contributory negligence on the part of the plaintiff driver so as to bar recovery; the admission of defendant's testimony as to his driving habits prior to the collision in question; and the failure of the Trial Judge to follow the opinion of the Court of Appeals when the case was reversed and remanded for a new trial.

## OUR CONCLUSIONS

At the outset it should be said that where, as in this instance, a case comes to this Court from a trial before the Judge without the intervention of a jury, there is a presumption of correctness of the judgment below and that judgment will be affirmed unless there is an error of law or unless the evidence is found by this Court to preponderate against the judgment below.

As is stated in Troutt v. Troutt, 35 Tenn.App. 617, 250 S.W.2d 372:

Finding of Chancellor or Trial Judge is entitled to great weight when he saw witnesses face to face and heard them testify, and this is particularly true where determination of issues of fact depends, in large measure, upon comparative credibility of two adversary parties to a suit."

Again, as was stated in Roberts v. Ray, 45 Tenn.App. 280, 322 S.W.2d 435:

"Trial Judge's findings in nonjury case are entitled to great weight where trial judge saw and heard the witnesses, and observed their manner and demeanor on the stand, and was, therefore, in much better position

than Court of Appeals on appeal to judge weight and the value of their testimony, particularly where Court of Appeals has nothing to look at but a meager narrative bill of exceptions.''

Counsel for appellee cites Graybeal v. Smith, 189 Tenn. 412, 225 S.W.2d 556; Craig v. Marquette Cement Mfg. Co., 190 Tenn. 234, 229 S.W.2d 148; Smith v. Tenn. Furniture Industries, Inc., 212 Tenn. 291, 369 S.W.2d 721 as authority for the proposition that the Appellate Courts will treat the findings of the Trial Judge as conclusive on matters of fact if there is any material evidence to support such findings. We call attention to the fact that each of the aforesaid cases is a workman's compensation case and the rule as announced by the Appellate Courts of this State in compensation cases is to treat the findings of fact by the Trial Judge as having the force and weight of a jury verdict in tort cases. On the other hand, in cases too numerous to mention, it has been held that on appeal from a judgment below in cases other than workmen's compensation, where the case was tried without a jury, such case, on appeal is heard de novo with a presumption of correctness as hereinabove pointed out. 27-303 T.C.A., Cole v. Walker, 25 Tenn.App. 392, 158 S.W. 2d 57 and numerous cases.

It is pointed out in the opinion of Judge Cooper in this case on the prior appeal that the evidence then before the Court was confined to that of the plaintiff with no contrary evidence, since the Trial Judge dismissed the suit at the conclusion of the plaintiff's proof. Under the proof then in the record it appeared that defendant's action in pulling his bus into the left lane of travel just as plaintiff's driver was about to pass constituted the effective proximate cause of the accident.

We now have before us the evidence including that of the defendant bus driver, and this Court is confronted (1) by the question as to whether or not the evidence now in the record preponderates against the judgment of the Trial Court, and (2) whether or not the Trial Judge was correct in holding that Miss Smith, the driver of plaintiff's car, was guilty of such proximate, contributory negligence as to bar plaintiff's recovery.

If the case turned alone on the question of preponderance of the evidence as between the version offered by the plaintiff and her passenger, on the one hand, and that of the bus driver on the other, we would be inclined to the view that the evidence preponderates in favor of plaintiff's version. However, in view of the fact that the Trial Judge saw and heard these parties and their witnesses and was in better position to judge of their credibility than we are, we would be hesitant to reverse on the ground of preponderance alone.

But, there is a more compelling reason why we feel that we must affirm the judgment of the Trial Court.

Section 59-843 (8), T.C.A. provides:

"Drivers receiving a signal from another driver shall keep their vehicles under complete control and shall be able to avoid an accident resulting from a misunderstanding of such signal."

We agree with the Trial Judge that from the testimony of Miss Smith and her passenger, taken together with all the facts and circumstances surrounding this accident, including the time when plaintiff's driver saw the school bus ahead with the turn signals operating, the wet condition of the road and the speed at which she

approached the bus, Miss Smith was guilty of proximate contributory negligence so as to bar plaintiff's recovery.

We have examined the other assignments and find no merit in them. It results that the judgment of the Trial Court is affirmed.

Affirmed.

Puryear, and Todd, JJ., concur.