**B. F. MYERS & SON OF GOODLETTS-VILLE, INC., Plaintiff-Appellant,**

v.

**Dr. Hillis F. EVANS and Tanasi Development Corporation, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 7, 1980.

Rehearing Denied Dec. 4, 1980.

Certiorari Denied by Supreme Court March 9, 1981.

Fyke Farmer, Nashville, for plaintiff-appellant.

John R. Edwards, Dearborn & Ewing, Nashville, for defendants-appellees.

OPINION

LEWIS, Judge.

On June 17, 1970, plaintiff sued defendants and alleged that defendants had agreed to purchase a Cessna airplane belonging to plaintiff but that defendants had failed to perform their obligations under the agreement. Plaintiff sought to recover damages and/or the rental value of the airplane.

On June 24, 1970, defendants filed their answer and on March 14, 1972, the case came on for trial. The record of the March 14, 1972 hearing shows that only one witness testified. While the record is silent as to why the hearing was continued, the parties, in their briefs, state that it was continued to allow plaintiff to take further discovery.

On September 10, 1973, plaintiff filed a motion for an order compelling defendants to produce certain "bills or statements." On February 4, 1974, plaintiff took the deposition of H. Blake Baker. There was no further activity until April 16, 1979, when the case was set for trial for May 8, 1979. The case was then continued until June 8, 1979, when it came on for trial.

At the conclusion of the proof, the Chancellor took the case under advisement and allowed the parties five days to file post-trial briefs.

On June 11, 1979, plaintiff filed a motion "To Reopen the Case for Additional Evi-dence and for Leave to Amend Complaint." This motion was granted and the case came on further to be heard on October 22, 1979. On October 24, 1979, the Chancellor filed his Memorandum, which we set out in full:

MEMORANDUM

This is an action by plaintiff seeking the fair rental value of an airplane and punitive damages against both defendants.

The individual defendant, Dr. Hillis F. Evans, asserts as a defense that any liability is the corporate defendant's sole obligation.

The defendants filed a motion to dismiss under T.R.C.P. 41 that has been held under advisement. The motion to dismiss will be denied.

FINDINGS OF FACT

On January 2, 1970 the plaintiff entered into an oral agreement with Tanasi Development Corporation to lease/purchase a twin-engine Cessna Airplane. Defendant's pilot then took possession of the plane and flew it 101 hours over a three-month period.

Dr. Evans was the sole stockholder and president of Tanasi. His wife was the secretary. The corporation kept no minute book, books of account, or ever filed tax returns.

The corporate charter was revoked January 31, 1973 for non-payment of taxes. At that time the corporation owned land or lots in Sumter, South Carolina. Dr. Evans did not know the value of this property.

On February 18, 1971 Dr. Evans deeded to himself all of the corporate assets located in Tennessee (Exhibit 1).

A fair rental value of the plane is $50.00 per hour.

CONCLUSIONS OF LAW

1. The corporation was used by Dr. Evans only as an agency or instrumental-

ity and not as a separate entity, which renders him personally liable for its debts.

2. Plaintiff is entitled to recover against both defendants the reasonable rental value of the airplane in the amount of $5,050.00.

3. Plaintiff is not entitled to recover punitive damages.

A judgment was entered for plaintiff in the amount of $5,050. From that judgment plaintiff has appealed and presents the following issues:

1. Did the trial court apply the proper hourly rate for the flying time established by the proof?

2. Did the trial court abuse its discretion in disallowing

a) the expense incurred by the plaintiff in recovering possession of the plane after the defendants' breach of the contract for its purchase as an item of damages?

b) interest on the amount recoverable from the date of the filing of the complaint?

c) exemplary damages?

3. Did the trial court properly exclude the letter written by Mr. Chitwood, plaintiffs attorney, to defendant dated February 26, 1970?

4. Did the trial court properly exclude the bill of the South Carolina lawyers covering the expense of repossession of the plane?

We first discuss issue 1. While there is some evidence in the record that the "dry rental per hour" for a plane of this type would be $60 to $78 per hour, there is also evidence in the record that $50 per hour was the amount discussed between plaintiff and defendants. There is also evidence that defendants had rented larger aircraft for extended trips at $50 per hour.

The Chancellor's findings come to this Court with a presumption of correctness and will be reversed only if his findings are against the preponderance of the evidence. *Smith v. Jarnagin*, 58 Tenn.App. 668, 674, 436 S.W.2d 310, 313 (1968); T.C.A. § 27–303; TRAP Rule 13(d). Further, appellant on appeal has the burden of showing that the evidence preponderates against the decree of the Chancellor. *Capital City Bank v. Baker*, 59 Tenn.App. 477, 493, 442 S.W.2d 259, 266 (1969). The appellant here has failed to carry the burden of showing that the evidence preponderates against the decree of the Chancellor. This issue is without merit.

We discuss issues 2.a) and 4 together. While there is some authority which might support an award to plaintiff for fees expended in repossessing the airplane, 25 C.J.S. *Damages* § 50e, we have found no Tennessee case, nor have we been cited to one, which would support such an award. Our Supreme Court in *Stringfield v. Hirsch*, 94 Tenn. 425, 436–37, 29 S.W. 609 (1895), a case involving a wrongful creditor's attachment, suggests that the same policy considerations which militate against the award of attorneys fees generally are applicable in the context of attachments.

It is difficult to see upon what ground counsel fees incurred by the adverse party should be charged up to the defeated party any more in attachment and injunction cases than in other litigations, upon contracts or for damages for torts. The litigation may be equally unjust and oppressive in other cases as in the case of attachments and injunctions. It is true, the latter cases are in some respects more summary, and may entail damages arising out of the seizure of defendant's property, but all this is provided for by the terms of the bond required to cover damages sustained. But counsel fees are as necessary in the one class of cases as in the other, and are neither peculiar nor more onerous in cases of attachments and injunctions than in other cases. It is said that additional fees are required to remove the attachment and injunction, and relieve from the impounding orders; but this is more imaginary than real, as the

attention necessary to protect and guard against the injunction or attachment is in a vast majority, if not all, of the cases merely incidental to the defense upon the merits, and it is practically impossible to distinguish between services rendered about the attachment or injunction, and those about the defense of the case generally. Any apportionment of the fees between these different services is more or less arbitrary and fanciful. But, if it were otherwise, it is at last but counsel fees of the opposite party which his adversary is called upon to pay.

*Id.* 94 Tenn. 425, 29 S.W. at 612.

In any event, the only evidence of expenses incurred in the repossession was attempted to be introduced through Mr. Harry Chitwood, who was plaintiff's counsel in 1970. Mr. Chitwood, on behalf of plaintiff, engaged attorneys in South Carolina to repossess the plane which was in defendant's possession in South Carolina. The plane was repossessed and returned to Nashville. Mr. Chitwood testified that he could not remember the law firm he had engaged but testified that expenses were incurred. A statement of services from the South Carolina attorneys was attempted to be introduced through Mr. Chitwood. There was an objection by defendants on the ground that Mr. Chitwood did not have personal knowledge of the expenses incurred and that the statement for the services, as to him, was hearsay. No attempt was made to show that the expenses incurred, as shown by the statement, were reasonable or that, in fact, all of the expenses were incurred as a result of the repossession.

■ The statement for services from the South Carolina attorneys is not admissible as a business record since neither the custodian nor any other qualified witness was able to testify to its identity and the mode of its preparation. T.C.A. § 24–714. The statement for services is clearly hearsay. Plaintiff has pointed out no exception to the hearsay rule under which the statement for services would be admissible and

we are unable to find any exception. Issues 2.a) and 4 are without merit.

■ Issue 2.b) is likewise without merit. Pre-judgment interest is not allowed as a matter of right in Tennessee on unliquidated claims for damages. *Johnson v. Tennessee Farmers Mutual Insurance Co.,* 556 S.W.2d 750, 752 (Tenn.1977). The allowance of interest is discretionary with the Court. *First National Bank v. DeWitt,* 18 Tenn.App. 634, 81 S.W.2d 396 (1934); T.C.A. § 47–14–123. There was a delay of more than eight years from the time of filing until this matter was finally concluded. Each of the parties attempts to lay the reason for the delay at the other's doorstep. From our review of the record we are unable to state with any certainty the cause for delay. Under the circumstances of this case, we are unable to say that the Chancellor erred in disallowing pre-judgment interest. Issue 2.b) is without merit.

■ We next discuss issue 2.c). An award of exemplary damages lies within the discretion of the trier of fact. *Lichter v. Fulcher,* 22 Tenn.App. 670, 678, 125 S.W.2d 501, 506 (1938). Generally speaking, exemplary damages are not available in breach of contract cases. *Johnson v. Woman's Hospital,* 527 S.W.2d 133, 141 (Tenn. App.1975). An award of exemplary damages requires the showing of fraud, malice, gross negligence, oppression or similar wilful misconduct. *Inland Container Corporation v. March,* 529 S.W.2d 43, 44–45 (Tenn. 1975); *Liberty Mutual Insurance Co. v. Stevenson,* 212 Tenn. 178, 185, 368 S.W.2d 760, 764 (1963). The burden is upon plaintiff to show fraud, malice, gross negligence, oppression or other misconduct which would entitle it to exemplary damages. Our review of this record fails to disclose conduct on the part of defendant sufficient to justify an award of exemplary damages.

■ Issue 3 is, also, without merit. The letter from Mr. Chitwood to defendant Dr. Evans was offered in evidence for the pur-

pose of showing the personal liability of Dr. Evans. While the letter was excluded, the Chancellor did find that Dr. Evans was personally liable. There has been no appeal from this finding. Judgment was entered against both defendants, Dr. Evans and Tanasi Development Corporation. If there was error in excluding the letter, it was harmless error. "No judgment, decision, or decree of the inferior court shall be reversed in the appellate courts, unless for errors which affect the merits of the judgment, decision, or decree complained of." T.C.A. § 27–116. The exclusion of the letter did not injure plaintiff and did not cause any rights to be violated.

It results that each of the issues presented by plaintiff is without merit. The judgment of the Chancellor is affirmed with costs to plaintiff. The cause is remanded to the Chancery Court for collection of costs and any other necessary proceedings.

TODD, P. J., and MARTHA CRAIG DAUGHTREY, Special Judge, concur.

ORDER ON PETITION TO REHEAR

Plaintiff has filed a Petition to Rehear which the Court has considered but found to be without merit. Accordingly, the Petition to Rehear is denied at cost of plaintiff.

TODD, P. J., and DAUGHTREY, Special Judge, concur.