Elizabeth LEGGETT, Petitioner-Appellee,

v.

**TENNESSEE BOARD OF NURSING,
Respondent-Appellant.**

Court of Appeals of Tennessee,
Middle Section.

Nov. 10, 1980.

Certiorari Denied by Supreme Court
Feb. 23, 1981.

Frank Scanlon, Sr. Asst. Atty. Gen., Nashville, for respondent-appellant.

Irwin Venick, Nashville, for petitioner-appellee.

OPINION

TODD, Judge.

This is an action for review of the action of the Board of Nursing which revoked the nursing license of Elizabeth Leggett, a registered nurse, for her activities in connection with the delivery of babies.

The findings of fact of the Board are as follows:

1. Elizabeth A. Legett, R. N., hereinafter referred to as Respondent, is licensed to practice nursing in Tennessee under License Number 038431 issued by the Tennessee Board of Nursing.

2. Respondent has an undergraduate degree in nursing.

3. Respondent by her own admission, has not received graduate training or certification in midwifery from an institution accredited or approved by the American College of Nurse-Midwives and therefore has not acquired the requisite education and experience to function in the expanded role as a nurse-midwife.

4. Respondent was aware that graduate programs leading to an advanced degree in nurse-midwifery were available.

5. Respondent was aware that nurse-midwifery is an expanded role nursing function.

6. Respondent was aware of "Nursing Rule RN32" prior to attending or assisting in the delivery of babies.

7. Respondent has functioned in an expanded role as a nurse-midwife. For example, the Board cites evidence in the record which indicates that Respondent medicated patients with pitocin, a controlled substance available to nurses for patient use but not available to laypersons without prescription.

8. Respondent, by her own admission, does not have "written protocols, jointly developed by (herself) and (a) sponsoring physician," as required by "Nursing Rule RN32."

9. Respondent, by her own admission, has delivered approximately fifty babies.

10. According to expert testimony, nurse-midwives are better equipped by their education and experience to avoid or appropriately respond to medical emergencies affecting the mother or the fetus which might occur before, during, or after the delivery process.

11. According to expert testimony, that the prevailing standard of care observed by nurse-midwives (in the Nashville area) requires that written protocols be developed by the nurse and a physician prior to the nurse assuming the expanded role functions of nurse-midwifery, that "medical back-up" should be available within the vicinity of the birthplace in order that medical advice and assistance can be available should the mother or child experience a medical problem or emergency for which the nurse-midwife is unqualified to handle, that the nurse-midwife be a graduate of an approved program of nurse-midwifery, and that the nurse-midwife be certified by the American College of Nurse-Midwifery.

12. Respondent could deliver babies as a lay midwife without her license to practice nursing in Tennessee.

The conclusions of the Board are as follows:

1. That the alleged acts of Respondent show her to have violated 63–752(c) which is grounds for the revocation, suspension, or other lawful sanction against Respondent's license to practice nursing in Tennessee.

2. That Respondent has willfully violated "Nursing Rule RN32" in violation of T.C.A. 63–752(g) which is grounds for the revocation, suspension, or other lawful sanction against Respondent's license to practice nursing in Tennessee.

3. That Respondent, by functioning in the expanded role as a nurse-midwife without proper education, experience, or written protocols is guilty of unprofessional conduct in violation of T.C.A. 63–752(f) which is grounds for the suspension, revocation, or other lawful sanction against Respondent's license to practice nursing in Tennessee.

4. WHEREFORE, it is hereby ORDERED in accordance with authority vested in the Tennessee Board of Nursing by T.C.A. 63–752 that the license of Respondent, Elizabeth A. Legett, R. N., Tennessee License Number 038431, to practice nursing in Tennessee be and the same is hereby revoked effective upon notice of this Final Order.

The Chancellor concluded as follows:

1. The finding that plaintiff was unfit or incompetent and guilty of unprofessional conduct is not supported by material evidence and the Board acted in excess of its authority.

. . . .

2. The finding that plaintiff violated rule RN 32 is not supported by material evidence and in applying RN 32 the Board acted beyond the scope of its authority.

. . . .

3. In revoking the plaintiff's registered nurse's license the Board acted arbitrarily and capriciously.

From the Chancellor's decision, the Board has appealed and presented the following issues:

1. Did the Davidson County Chancery Court err in ruling that the Tennessee Board of Nursing did not have jurisdiction over a licensed nurse while rendering services as a midwife?

2. Did the Davidson County Chancery Court err in finding that the Tennessee Board of Nursing acted beyond its scope of authority by requiring a licensed nurse rendering services as a midwife to comply with Nursing Board Rule No. 1000–1–.04(3), Official Compilation, Rules and Regulations of the State of Tennessee?

3. Did the Davidson County Chancery Court err in ruling that the Tennessee Board of Nursing acted in excess of its statutory authority and without material evidence in finding a licensed Tennessee nurse rendering services as a midwife guilty of unprofessional conduct and being incompetent?

Appellant first insists that the Chancellor erred in ruling that the Board of Nursing did not have jurisdiction over the appellee.

Appellant concedes:

1. the practice of midwifery is not regulated by any statute under Tennessee law;

2. the definition of the healing arts, T.C.A. § 63–102, specifically exempts midwives and the definition of the practice of medicine, T.C.A. § 63–608 also exempts the practice of the midwife from the definition of medicine;

3. the Nursing Practice Act, T.C.A. § 63–729 et seq. does not deal with the midwife nor is the practice of midwifery included within the definition of professional nursing, T.C.A. § 63–740;

4. midwifery is an unregulated entity under Tennessee law.

■ Notwithstanding the admission of the lack of jurisdiction by the Nursing Board over midwifery, appellant insists the Board does have jurisdiction over, and a duty to regulate the practice of midwifery by those individuals who are licensed under Tennessee law to practice as nurses. This insistance is not supported by any authority. It was rejected by the Chancellor whose judgment is before this Court with a statutory presumption of correctness. T.C.A. § 27–303, *Roberts v. Ray*, 45 Tenn. App. 280, 322 S.W.2d 435 (1959); *Smith v. Jarnagin*, 58 Tenn.App. 668, 436 S.W.2d 310 (1968); *Capital City Bank v. Baker*, 59 Tenn.App. 477, 442 S.W.2d 259 (1969).

Appellant proposes that, even though the Legislature has not chosen to include lay midwifery practice within the jurisdiction of the Board of Nursing, the Board has jurisdiction since midwifery is a "health related activity" closely akin to nursing.

The Texas Court of Criminal Appeals reversed a lower court conviction for the offense of unlawfully practicing medicine with the following statement:

Not only has the Legislature failed to include within the definition of "practicing medicine" the branch of medical science which has to do with the care of women during pregnancy and parturition . . . but has in a number of statutes recognized practical obstetrics or midwifery as outside the realm of the medical practice act.

Hence, unless the acts and conduct of appellant were made a penal offense by statute, . . . she could not be legally convicted. *Banti v. State* [163 Tex.Cr.R. 89], 289 S.W.2d 247 (1956).

Administrative agencies derive their jurisdiction from their authorizing legislation. The Tennessee legislature has specifically excluded the practice of midwifery from the definition of medicine. T.C.A. § 63–608. The Nursing Practice Act, T.C.A. § 63–729 et seq. does not deal with midwifery nor is it included within the definition of professional nursing, T.C.A. § 63–740.

Accordingly, this Court agrees with the Chancellor that the Tennessee Board of

Nursing did not have jurisdiction over a licensed nurse while she was rendering services as a lay midwife.

█ Appellant next insists that the Chancellor erred in finding that the Board acted beyond its scope of authority by requiring appellee to comply with Nursing Board Rule No. 1000–1–.04(3).

Rule No. 1000–1–.04(3), Official Compilation, Rules and Regulations of the State of Tennessee, provides that any nurse who functions in an expanded role capacity must have a jointly developed written protocol with a physician regarding such practice. The rule provides in full as follows:

(3) Responsibility.

(a) Nsg RN 32 Responsibility. Each individual is responsible for personal acts of negligence under the law. Registered nurses are liable if they perform delegated functions they are not prepared to handle by education and experience and for which supervision is not provided. In any patient care situation, the registered nurse should perform only those acts for which each has been prepared and has demonstrated ability to perform, bearing in mind the individual's personal responsibility under the law.

(b) Registered nurses, duly licensed by the State of Tennessee who practice nursing in this state are not prohibited from expanding their roles by the Nursing Practice Act. However, R. N.'s functioning in an expanded role assume personal responsibility for all of their acts. R. N.'s who manage the medical aspects of a patient's care must have written medical protocols, jointly developed by the nurse and the sponsoring physician(s). The detail of medical protocols will vary in relation to the complexity of the situations covered and the preparation of the R. N. using them.

To interpret the above regulation to require nurses to specially qualify before acting as midwives would be to impose upon Registered Nurses a burden and restriction which the Legislature has specifically declined to impose upon any other segment of the population. It is to be doubted that the Legislature, itself, could constitutionally enact such a discriminatory rule, much less the authority responsible for the above rule.

Although appellee is duly licensed by the State of Tennessee to practice nursing she was not, during the times in question, performing as a nurse, nor was she performing an unsupervised delegated function that she was not prepared to handle by education or experience which was or could be prohibited by Nursing Regulation 32.

The application of Nursing Regulation 32 depends upon a registered nurse managing the medical aspects of a patient's care. Since midwifery is excluded from the practice of medicine, one performing within the scope of midwifery cannot be considered to be managing the medical aspects of a patient's care.

The Medical Practice Act specifically exempted midwives. T.C.A. § 63–608. The Nurses Practice Act does not include midwives in the definition of professional nursing. T.C.A. § 63–740. Midwives are specifically exempted from licensing by the Board of Healing Arts. T.C.A. § 63–102. Therefore, when construing the applicable statutes, it is inconceivable that Nursing Regulation 32 would apply to one performing the practice of midwifery.

█ There is no evidence or finding that appellee represented herself as a nurse midwife. Although she is licensed to practice nursing, she did not perform as a nurse in her role as a midwife.

There is no showing that performing the services of midwife independently of the profession of nursing in any way adversely affects the skill or ability of a Registered Nurse in the performance of her profession as a Registered Nurse. Therefore, there was no ground for the Board to conclude that appellee was any less fit to serve as a Registered Nurse merely because she saw fit to serve as a midwife from time to time. If this were not true, a nurse could lose her license for serving occasionally as a secretary or a receptionist.

The Chancellor was correct in finding that Nursing Regulation 32 is not applicable to appellee; and, in applying it, the Board acted beyond the scope of its authority.

■ Appellant's final insistance is that the Chancery Court erred in ruling that the nursing board acted in excess of its statutory authority and without material evidence in finding appellee guilty of unprofessional conduct and of being incompetent. Appellant cites no authority to support this insistance and it is not supported by evidence in the record.

As already observed, there was no valid ground for the Board to find appellee guilty of misconduct merely because she chose to perform a service outside her duties as a nurse.

This Court agrees with the Chancellor's opinion which states:

> The Board has as its broad purpose to promote public health. Midwifery is health-related but the legislature has specifically exempted it from the practice of medicine and license requirements. The Board of Nursing has no authority to second-guess the legislature in this regard.

> In support of its decision the Board cites testimony that certified nurse-midwives are better able to handle emergencies. No one questions that in an emergency a mother and infant are better off in a hospital with a certified nurse-midwife or a physician. But given that some couples will continue to decide on home deliveries, the Board's decision overlooks the fact that certified nurse-midwives cannot participate in home deliveries.

> The Board's decision if allowed to stand would mean that anyone except licensed nurses could act as midwives. This is contrary to the goal of promoting public health.

This Court has noted the portion of the finding of the Board regarding the dispensing of a medication not available without prescription. Consistency requires that, when a Registered Nurse doffs her nurse's cap and engages in midwifery, she should abstain from exercising any of the special privileges and prerogatives accorded to Registered Nurses. That is to say, if appellant is to serve as a midwife in the same manner as any lay person may serve, then the nurse may not properly utilize her nurse's license to administer medication which an ordinary lay person could not properly administer.

Nevertheless, it is to be doubted that the Nursing Board is authorized to discipline a nurse for an action outside the profession of nursing unless the action is such as to affect the quality of nursing services rendered by the nurse when she is acting as a nurse.

Any discipline or penalty for improper administration of medication would more properly be imposed upon appellee as a lay person and not as a nurse and by a tribunal and under law applicable to lay persons generally.

The judgment of the Chancellor is affirmed. Costs of this appeal are adjudged against appellant. The cause is remanded for such further proceedings, if any, as may be necessary and proper.

Affirmed and remanded.

LEWIS, J., and SHRIVER, Special Judge, concur.