IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

**POPULAR HOMES, INC.,**                      FROM THE SHELBY COUNTY
**CANADA TRACE, INC.,**                       CIRCUIT COURT, No. 37903
**TOM LONG & KATHY LONG,**                    THE HONORABLE D'ARMY
                                              BAILEY, JUDGE

    Appellants,

                                              C.A. No. 02A01-9702-CV-00044
Vs.                                           ***AFFIRMED IN PART AND
                                              REMANDED***

**CLAYBORN BALL TEMPLE A.M.E**                T. James Watson of Bartlett
**CHURCH, and REVEREND E.**                   For Appellants
**ALBERT BROWN,**

                                              Charles Waldman of Memphis

    Appellees.                            For Appellees
_____

MEMORANDUM OPINION[1]
_____

**FILED**

**September 24, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

*CRAWFORD, J.*

    Plaintiffs' complaint against defendants, Clayborn Ball Temple AME Church and

Reverend E. Albert Brown, Jr., is titled "Complaint for Breach of Contract for Sale of Real and

Personal Property." The complaint alleges that defendant Brown acting as the agent and with

authority from defendant church entered into a contract with plaintiff providing for conveyance

of real property and certain personal property to the church. Prior to the consummation of the

transaction, Reverend Brown, for the church, assumed the duties of managing the property and

collecting rent, but failed to abide by the contract and pay the mortgage indebtedness and taxes

due on the properties. The contract was breached by default in the payment of the mortgage

obligations and taxes and further that payment was not made for the property as required by the

contract. The complaint avers that as a result of the defendants' actions, the property was

foreclosed, and plaintiffs were liable for deficiencies and other expenses that should have been

paid by defendants.

    Defendant church's answer denied the material allegations of the complaint and further

denied that defendant Brown was acting as its agent and servant and avers that the church had

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the
concurrence of all judges participating in the case, may affirm, reverse or modify the actions
of the trial court by memorandum opinion when a formal opinion would have no precedential
value. When a case is decided by memorandum opinion it shall be designated
"MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for
any reason in a subsequent unrelated case.

no involvement in the transaction with the plaintiffs. Defendant Brown's answer denied the material allegations of the complaint and joined issue thereon and Brown also filed a counter-claim alleging that he sustained damages because plaintiffs breached the contract. On May 13, 1996, at the conclusion of a rather lengthy nonjury trial, the trial court stated his findings from the bench that defendant Brown did not have actual or apparent authority to act for the church and that the church was not a party to the contract with plaintiff. The trial court also announced from the bench: "I will award compensatory damages of $175,000.00 against Reverend Brown and punitive damages in the amount of $25,000.00, costs against Reverend Brown."

On September 19, 1996, the Court entered judgment which states as follows:

> THIS CAUSE came on to be heard on May 6, 7, 8, 9, 13, and June 5 and 28, 1996, before the Honorable D'ARMY BAILEY, Judge of Division VIII of the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, Shelby County, upon the Plaintiffs' original Complaint filed herein, the Defendants' respective Answers filed in response thereto, the Defendant E. ALBERT BROWN JR.'s Counter-Complaint filed in the cause and the Plaintiffs' Answer filed in response thereto, the testimony of the several witnesses, the many exhibits, statements of counsel, and from the entire record established in this cause, from all of which it appears to the Court as follows:
>
> IT AFFIRMATIVELY APPEARING that the Plaintiffs' cause against the Defendant CLAYBORN BALL TEMPLE AME CHURCH is not well taken and that a judgment in favor of the Defendant should be entered as to this named Defendant; and
>
> IT FURTHER APPEARING that the Defendant E. ALBERT BROWN JR. is guilty of acts of willful and intentional fraud and deceit against the Plaintiffs and that a judgment in the amount of fifty thousand and no/100 ($50,000.00) compensatory damages should be entered against this Defendant and in favor of the Plaintiffs; and
>
> IT FURTHER APPEARING that judgment in favor of Plaintiffs/Counter-Defendants should be entered as to this named Defendant's Counter-Complaint filed herein.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:
>
> 1. That judgment in favor of the Defendant CLAYBORN BALL TEMPLE AME CHURCH be, and it hereby is granted in this cause.
>
> 2. That judgment in the amount of fifty thousand and no/100 ($50,000.00) dollars be, and it hereby is, granted in favor of the Plaintiffs and against the defendant E. ALBERT BROWN JR. as compensatory damages for the acts of willful and intentional

2

fraud and deceit perpetrated against the Plaintiffs by this Defendant.

3. That judgment in favor of the Plaintiffs/Counter-Defendants be, and it hereby is, granted in this cause as to the Counter-Complaint filed herein by the Defendant E. ALBERT BROWN, JR.

4. That the costs of this cause be, and hereby are, assessed against Defendant E. ALBERT BROWN JR., for all of which let execution issue.

Plaintiffs have appealed and present two issues for review which we have rephrased as follows:

1. Whether the evidence preponderates against the trial court's findings that there was no actual or apparent authority for defendant Brown to act for the church and therefore finding that the church was not a party to the contract with plaintiffs.

2. Whether the trial court erred in considering comparative fault on the part of plaintiffs when the defendant Brown was found guilty of willful and intentional fraud and deceit.

Since this case was tried by the court sitting without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm absent error of law. T.R.A.P. 13(d).

As to the first issue, from our review of the record, we find that the evidence does not preponderate against the finding of the trial court that Brown had no actual or apparent authority to act for the church and that the church was not a party to the contract with the plaintiffs.

As to the second issue presented for review, plaintiffs allege in their brief that the trial court applied the principles of comparative negligence in its ultimate entry of the judgment of $50,000.00 instead of $175,000.00, which the court stated from the bench would be awarded. We find nothing in the record that substantiates this assertion. However, our review of the record indicates that the damages in the amount of $50,000.00 are lower than the range of damages established by the proof. Defendant Brown did not file a brief in this court and therefore does not respond to plaintiff's assertions nor does the bank make any response to that issue.

The record does reflect that the trial court indicated in his statements from the bench that

comparative fault might be involved, but that this theory had not been asserted by the parties. The trial court did call for memoranda from the parties and subsequently entered a final judgment. As we noted, the damages awarded did not appear to be within the range of the proof offered concerning the damages, and the case should be remanded for the reconsideration of the damages by the trial court.

Since the trial court has specifically found that defendant Brown was guilty of intentional fraud and deceit, we do not believe that the plaintiff's negligence should affect the award of damages. In *Isaacs v. Bokor*, 566 S.W.2d 532 (Tenn. 1978), our Supreme Court said: "In actions for actual fraud and deceit, contributory fault of the victim generally is not considered a defense." *Id.* at 540 (citations omitted).

In *Bevins v. Livesay*, 221 S.W.2d 106 (Tenn. App. 1949), this Court stated:

> The perpetrator of a fraud should not be relieved on the ground that his victim was negligent in believing the misrepresentation and should have made an investigation of his own.

> "It has been frequently declared that as between the original parties, one who has intentionally deceived the other party to his prejudice is not to be heard to say, in defense of the charge of fraud, that the innocent party ought not to have trusted him or was guilty of negligence in so doing." 23 Am.Jur. 948.

*Bevins*, 32 Tenn. App. 1, 8, 221 S.W.2d at 109.

Plaintiffs also assert that the trial judge erroneously failed to award punitive damages after announcing from the bench that he would do so. An award of punitive damages lies within the discretion of the trier of fact. *B.F. Myers & Son of Goodlettsville, Inc. v. Evans*, 612 S.W.2d 912 (Tenn. App. 1980). We find no abuse of discretion in this regard by the trial court.

The judgment of the trial court in favor of defendant Clayborn Ball Temple AME Church is affirmed, and the judgment as to liability against defendant Brown is affirmed. The case is remanded to the trial court for further consideration of the damage award against defendant Brown consistent with this Opinion. Costs of the appeal are assessed against the appellee, E. Albert Brown, Jr.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

4

_____

**ALAN E. HIGHERS, JUDGE**


_____

**DAVID R. FARMER, JUDGE**

5