## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

February 1, 1999

Cecil W. Crowson
Appellate Court Clerk

D. D. ROBERTS d/b/a ROBERTS )
CONSTRUCTION COMPANY and ROBERTS )
CONSTRUCTION COMPANY, INC., )
)
    Plaintiffs/Appellants, )
)
VS. )
)
TOMMY YARBROUGH d/b/a TOMMY )
YARBROUGH PAINTING CONTRACTOR, )
YARBROUGH PAINTING AND DRYWALL, )
)
    Defendant/Appellee, )
)
and )    Appeal No.
)    01-A-01-9802-CH-00096
THOMAS LUMBER COMPANY, INC., )
)    Montgomery Chancery
VS. )    Nos.   C11-549
)            96-07-0060
NARAN PATEL and KUSUM PATEL and )            96-07-0139
TOMMY YARBROUGH and MAYA GRAU )
d/b/a YARBROUGH PAINTING, and )
HERITAGE BANK, )
)
and )
)
TOMMY YARBROUGH d/b/a YARBROUGH )
PAINT AND DRYWALL, )
)
VS. )
)
D. D. ROBERTS, ROBERTS )
CONSTRUCTION COMPANY, NARAN )
TAPEL, KUSUM PATEL and HERITAGE )
BANK, )

APPEALED FROM THE CHANCERY COURT OF MONTGOMERY COUNTY
AT CLARKSVILLE, TENNESSEE

THE HONORABLE CAROL A. CATALANO, CHANCELLOR

LARRY J. WALLACE
118 Franklin Street

Clarksville, Tennessee 37040
      Attorney for D. D. Roberts, Roberts Construction Co.,
      Roberts Construction Co., Inc. and Continental Casualty Co.

RODGER N. BOWMAN
601 North Second Street, Suite 4
Clarksville, Tennessee 37041-1404
      Attorney for Tommy Yarbrough d/b/a Tommy Yarbrough
      Contracting, Yarbrough Painting & Drywall

MICHAEL K. WILLIAMSON
121 South Third Street
Clarksville, Tennessee 37040
      Attorney for Thomas Lumber Company, Inc.

AFFIRMED AND REMANDED

BEN H. CANTRELL
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
TODD, J.

# O P I N I O N

Two subcontractors recovered judgments for work done on a construction project in Clarksville. On appeal the general contractor and the surety on his bond allege that the appellees were not licensed contractors and that neither complied with the notice of nonpayment statute. In addition, the appellant disputes the trial court's version of the proof and the award of prejudgment interest. We affirm the trial court.

## I.

Roberts Construction Company, Inc. had the contract to build a Fairfield Inn in Clarksville. In August of 1995 Tommy Yarbrough agreed to hang and finish the drywall for a total contract price of $51,370.00. Roberts agreed to furnish the drywall.

The job did not go well. Yarbrough was delayed by rain and a lack of heat in the building. Some of the work had to be redone to cover exposed pipes in the rooms, and to work around some changes in the electrical outlets. In addition, Yarbrough had to replace some of the drywall damaged by water and to frame up some bathroom ceilings. During the course of his work Yarbrough bought supplies -- including some drywall -- from Thomas Lumber Company.

By March of 1996 Yarbrough and Roberts were at war over the progress of the work, payment for the extras, and payment of the balance of the contract price. On March 18, Roberts wrote to Yarbrough promising payment of the balance of the contract price ($11,000) plus $4,000 in extras if Yarbrough finished the job by March 22. Yarbrough left the job for good and Roberts hired another contractor to finish the work.

Various lawsuits were filed by the parties (plus other contractors on the job), but the disputes between Roberts, Yarbrough, and Thomas Lumber Company were heard by the Chancery Court of Montgomery County on September 2, 1997. The chancellor's order resolved all the disputed facts and granted (1) Yarbrough a judgment against Roberts in the amount of $30,813.62 for his work and $8,514.62 for sheetrock he purchased for the job from Thomas Lumber Company, (2) Thomas Lumber Company a $13,230.55 lien on the improvements, and a judgment against Yarbrough for $13,684.80 on the open accounts. The chancellor dismissed Roberts' claim against Yarbrough for breach of contract.

## II.

## The Contractor's Licensing Statute

On appeal, Roberts argues that Yarbrough and Thomas Lumber Company were not licensed contractors, and were thus confined to recovering only their documented expenses shown by clear and convincing proof. *See* Tenn. Code Ann. § 62-6-103(b). This issue was not raised in the initial pleadings, and when Roberts attempted to amend the pleadings just before trial, the chancellor overruled the motion.

With respect to Thomas Lumber Company the chancellor was surely correct. The lumber company is simply a supplier of materials and the statutory definition of "contractor" does not purport to include suppliers. With respect to Yarbrough, the chancellor overruled the motion to amend on the ground that subcontractors were not required to be licensed. We pretermitted that question in a related case, because the issue had not been squarely presented to the trial court. *See Razorback Marble Manufacturing Co. v. D. D. Roberts*, No. 01-A-01-9709-CH-00512 (Tenn. Ct. App. July 1, 1998).

- 4 -

We need not decide that issue here, either. The dispute between Roberts and Yarbrough is a dispute between two contractors. The Supreme Court and this court have held that the rule that refuses an unlicensed contractor's access to the courts does not apply to disputes between contractors. *Gene Taylor & Sons Plumbing Co. v. Corondolet Realty Trust*, 611 S.W.2d 572 (Tenn. 1981); *Wiltcher v. Bradley*, 708 S.W.2d 407 (Tenn. App. 1985); *Custom Built Homes v. G. S. Hinsen Company, Inc.*, No. 01A01-9511-CV-00513 (Tenn. Ct. App., Feb. 6, 1998). The license requirement was passed to protect the public. *Gene Taylor & Sons Plumbing Co. v. Corondolet Realty Trust*, 611 S.W.2d at 575. That protection is not required when persons engaged in the same profession are dealing with each other. Therefore, the fact that Yarbrough did not have a contractor's license is not a defense to his claim against Roberts. We take no position on the question of whether Tenn. Code Ann. § 62-6-103(b) applies to subcontractors generally.

### III.

### Notice of Non-Payment

The appellants assert on appeal that neither Yarbrough nor Thomas complied with the notice of non-payment statute, Tenn. Code Ann. § 66-11-145. Again, Roberts did not attempt to raise this defense until the trial, and the chancellor overruled the motion to amend. Ordinarily, that would end the matter, but we would also point out that the only consequence of failing to comply with the statute is to defeat the claimant's lien rights on the improvement. *See* Tenn. Code Ann. § 66-11-145(c). Roberts as the general contractor is hardly in a position to assert that defense. Yarbrough's claim against Roberts is strictly a contract claim, so the failure to comply with the statute is not a defense to that action. Thomas Lumber Company's judgment does include a lien on the improvement, but the chancellor's decision to disallow the defense, raised for the first time at trial, was well within her discretion.

## IV.

### The Preponderance of the Evidence

Appellants' issues V, VI, VII, and VIII all present, in one way or another, the question of the preponderance of the evidence. The chancellor found that Yarbrough performed extra work in the amount of $43,485.00, that the work was authorized by Roberts' representative on the job, and that Thomas Lumber Company furnished materials in the amount of $13,230.55 for the job. (This figure was included in the figure for the extra work recited above.)

The appellants argue first that Yarbrough was not entitled to any extras, and in a related issue, argue that the chancellor erred in resolving the credibility questions in Yarbrough's favor. With respect to the credibility issue, the courts have consistently held that the trial judge's determination of credibility will not be overturned on appeal unless other real evidence compels a contrary conclusion. *State ex rel Balsinger v. Town of Madisonville*, 435 S.W.2d 803 (Tenn. 1968); *see also Tennessee Valley Kaolin Corp. v. Perry*, 526 S.W.2d 488 (Tenn. App. 1975); *Town of Alamo v. Forcum-James Co.*, 327 S.W.2d 47 (Tenn. 1959). We see nothing in the record that indicates the chancellor erred in believing one witness over another.

The real question here is whether the evidence in the record preponderates against the chancellor's findings of fact. *See* Rule 13(d), Tenn. R. Civ. Proc. The chancellor made an extensive list of findings, all supporting Yarbrough's claims. To find that the evidence preponderates against these findings would require us to reverse the chancellor's credibility determination. Therefore, we cannot find that the evidence preponderates against the chancellor's findings.

Roberts also argues that the chancellor erred in admitting a tape recording made of Yarbrough's conversation with Roberts' agent on the job site. The

conversation concerned the extra work and the payment due Yarbrough for performing the extras. Roberts insists that the tape is inaudible, that Yarbrough's recorded statements are self-serving, that the tape contains hearsay, that it should have been excluded because it contains evidence of an attempted compromise, and that it violates the parol evidence rule.

The appellant has not pointed out the specific portions of the conversation that are objectionable. There is no transcript of the tape (which was played in open court) and the appellants have not pointed out how the alleged error in admitting the tape prejudiced them. *See* Rule 6(a)(3), Rules of the Court of Appeals.

We think the chancellor acted within her discretion in listening to the tape. The admission of any incompetent evidence on the tape comes within our rules on harmless error. *See* Rule 36(b), Tenn. R. App. Proc.

Roberts also asserts that the chancellor erred in ruling inadmissible another tape of a conversation between Roberts and Yarbrough. Getting relief on this ground, however, is even more doubtful because the tape is not in the record. Without an offer of proof we cannot judge whether the exclusion of the evidence was prejudicial to the appellant or not. *See* Rule 103(a)(2), Tenn. R. Evid. Therefore, we find this issue to be without merit.

**V.**

Finally, Roberts asserts that the chancellor abused her discretion in allowing Yarbrough to recover pre-judgment interest. Pre-judgment interest is governed by Tenn. Code Ann. § 47-14-123 which allows courts or juries to award pre-judgment interest "in accordance with the principles of equity." The award is not a

matter of right on unliquidated claims. *B.F. Myers & Son v. Evans*, 612 S.W.2d 912 (Tenn. App. 1980). But it may be awarded in the discretion of the trial judge. *Howard G. Lewis Const. Co., Inc. v. Lee*, 830 S.W.2d 60 (Tenn. App. 1991). Whether the plaintiff's claim is the subject of a substantial dispute has been held to be a factor. *Id.* In some cases it is the decisive factor. *Textile Workers Local No. 513 v. Brookside Mills, Inc.*, 326 S.W.2d 671 (Tenn. 1959).

In this case the chancellor allowed prejudgment interest to run from May 31, 1996. There is not much dispute that by that time that Yarbrough was owed something. In March Roberts asked Yarbrough to complete the job in four days and promised to pay the balance of the contract price plus $4,000 for the extra work. The record shows that the extra work had been requested by Roberts' representative and a tentative agreement had been reached on the amount, but Roberts objected only to the amount.

We think the award was within the chancellor's discretion. We affirm the judgment of the trial court and remand the cause to the Chancery Court of Montgomery County for any further proceedings that may be necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
HENRY F. TODD, JUDGE

- 8 -