IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 3, 2003 Session

# CARL EVANS, ET AL. v. CLARENCE DOUGLAS, ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 00-0134      Howell N. Peoples, Chancellor**

**FILED NOVEMBER 21, 2003**

**No. E2002-02191-COA-R3-CV**

This is a suit by Carl Evans and his wife Sharon Evans against Clarence Douglas, Heritage Realty, Care Free Home Center, Inc., and Rick McManus. The suit sought damages because a lot they supposed they were buying from Mr. Douglas was not the lot they owned, but one adjacent thereto. Heritage Realty was sued as the employer of Mr. Douglas and Care Free Home Center, Inc., as the seller of a modular home which was placed on the wrong lot, and putting the Evanses in touch with Mr. Douglas. Rick McManus was the owner of the lot upon which the modular home was placed, although no relief was sought against him. Mr. McManus, however, did file a counter-complaint seeking rents from the Evanses for their use of his lot. The Trial Court awarded a judgment to the Evanses against Mr. Douglas only, under the Tennessee Consumer Protection Act, and a judgment in favor of Mr. McManus against the Evanses for rental value of the property, as well as discretionary costs. We affirm as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Michael A. Wagner, Chattanooga, Tennessee, for the Appellant, Clarence Douglas

Fred S. Clelland, Chattanooga, Tennessee, for the Appellees, Carl Evans and Sharon Evans

John C. Cavett, Jr., Chattanooga, Tennessee, for the Appellee, Rick McManus

## OPINION

Counsel for the Appellant correctly states the case in his brief:

This is a case involving the sale of a piece of real estate containing one lot upon which the purchasers placed a modular home. The purchasers placed the modular home on the wrong lot. The lot which was deeded to the purchasers was different than the lot upon which their modular home was placed. The nature of the case was an action to recover damages as a result of a misrepresentation on the part of the seller to the buyer and for punitive damages under the Tennessee Consumer Protection Act. The case was tried to the Chancery Court of Hamilton County, Tennessee, without a jury, and the Trial Court entered a Final Order on May 9, 2002 finding that the Consumer Protection Act applied to the case and awarding damages of $11,100.00, and then triple that damage under the Tennessee Consumer Protection Act against Clarence Douglas, and awarded fair market rental against the purchaser in favor of the owner of the tract of land upon which the modular home was wrongfully placed in the amount of $14,714.00, plus $300.00 in discretionary costs.

Mr. Douglas appeals, making the following three contentions:

1. The Trial Court erred in finding that there was a "deceptive act" under the Tennessee Consumer Protection Act.

2. The Court erred in finding a "knowing or wilful" deceptive act under the Tennessee Consumer Protection Act.

3. The Court erred in finding that there was proof of actual damage in the case.

As this is a non-jury case, our review is *de novo* upon the record with a presumption of correctness as to the trial court's findings, unless the preponderance of the evidence is otherwise. Rule 13(d), T.R.A.P.; *Hackett v. Smith County,* 807 S.W.2d 695, 699 (Tenn.App. 1990); *Smith v. Jarnagin*, 436 S.W.2d 310. 313 (Tenn.App. 1968). Conclusions of law come to us free of any such presumption. *Adams v. Dean Roofing Co.*, 715 S.W.2d 341, 343 (Tenn.App. 1986).

The testimony is presented by a statement of the evidence rather than a verbatim transcript. It shows that Mr. Douglas advised the Evanses to get a survey of the property on several occasions. Mrs. Evans' testimony acknowledges that he did so on at least one occasion. Mr. Douglas also attempted to purchase the lot on which the modular home was situated, but the owner rejected his importunes.

Although the Trial Court found Mr. Douglas's acts were willful and deceptive as defined in the Tennessee Consumer Protection Act, we believe that the evidence preponderates against such a finding. We say this because, as already noted, Mr. Douglas advised the Evanses to obtain a survey and in good faith attempted to remedy the problem by purchasing the lot upon which the modular home was placed and convey it to them and pay a sum to Mr. McManus.

In light of this, we deem it appropriate to reduce the treble damages awarded and make an award of $11,000.

As to the third issue, the statement of the evidence reads as follows:

Mrs. Evans testified that they spent $_____ to have a well dug on Lot 11.
They spent $_____ to have the modular home placed on Lot 11.

In light of the fact that the blanks were not completed as to the proof regarding damages, we cannot find the Trial Court to be in error.

For the foregoing reasons the judgment of the Trial Court, as modified, is affirmed and the cause remanded for collection of the judgment and costs below. Costs of appeal are adjudged against Carl Evans and wife Sharon Evans.


_____
HOUSTON M. GODDARD, PRESIDING JUDGE