Delores Ann WHALEY

v.

UNITED STATES of America.

Civ. No. 3–76–261.

United States District Court, E. D. Tennessee, N. D.

Feb. 22, 1977.

Joseph J. Levitt, Jr., Knoxville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## OPINION

ROBERT L. TAYLOR, District Judge.

Delores Ann Whaley, widow of David E. Whaley, seeks damages from the United States of America under the Federal Tort

Claims Act, claiming that David B. McKinney, an employee of the Government, was negligent in driving a motor vehicle owned by the Government, and as a result of such negligence, her husband lost his life.

The accident occurred on March 6, 1972. The parties do not agree as to the names of the streets on which the vehicles were traveling at the time of the unfortunate collision which is the subject of this lawsuit. The preponderance of the proof shows, and the Court finds as a fact, that David McKinney was operating the Government vehicle on Sutherland Avenue and traveling in a westerly direction, and that David E. Whaley was operating his vehicle on Cary Street and traveling in a southerly direction.

Plaintiff claims that McKinney was negligent in that he saw or should have seen the deceased before the deceased drove into the intersection, and should have seen him in time to stop the Government vehicle or turn either to the left or right in order to avoid the collision. Plaintiff contends that as a result of the negligence of McKinney, the Government is liable to Mrs. Whaley for the death of her husband.

The Government claims that David Whaley was guilty of contributory negligence in failing to stop his automobile at the stop sign on Cary Street at its entrance to Sutherland Avenue, and that such failure bars recovery in this case.

The sole issue as formulated in the pretrial order is whether or not the Government is liable, and if so, the amount of the damage. Any negligence on the part of McKinney would be imputable to the Government because the Government concedes that McKinney was its employee and was in performance of his duties as an employee at the time of the accident.

The first question presented is whether or not David Whaley was guilty of contributory negligence at or immediately prior to the time of the accident. The Court finds as a fact that David Whaley was guilty of contributory negligence because he ran the stop sign located on Cary Street.

The next question is whether or not McKinney, the driver of the Government vehicle was also guilty of negligence on the occasion of this accident. The applicable law in Tennessee is that a motor vehicle on a through street has the right of way, and that a motor vehicle traveling on a side street where there is a stop sign should not enter the main street unless he can do so with safety. But the fact that McKinney had the right of way does not mean that he could disregard the rights of other motor vehicle drivers who may not have had the right of way.

McKinney says that he was not negligent. He says that he could not see David Whaley's car in time to stop because of a house located at the intersection of Cary Street and Sutherland Avenue. No one testified in the record as to the distance the Knott house is or was from the edge of Sutherland Avenue.

Exhibit number six is a photograph which shows Cary Street and Sutherland Avenue. It would appear from this photograph that McKinney could have turned either to the right or left if he had seen the Whaley car in time to make such turns. He says that he did not see it and could not have seen the Whaley car in time to stop or turn. The photographs show that there are many houses on each side of the street where the accident occurred.

There is proof in this record, and the Court finds, that McKinney was driving inexcusably fast under the circumstances existing at the time and immediately prior to this accident. There is some evidence that he was driving at 40 to 45 miles an hour.

At the conclusion of the evidence in this case, the parties were given ten days in which to submit briefs on the question of liability. Briefs have been received and studied. The Court, after carefully reviewing the law and applying it to the evidence, has reached the conclusion that there is no liability. The deceased's failure to stop at the stop sign was the proximate cause of the accident.

■ The rules that govern this case were recently announced by the Supreme Court of Tennessee in *Street v. Calvert*, 541 S.W.2d 576, 583–584 (1976). The Supreme Court said:

"It is our opinion that the rules governing all aspects of the last clear chance doctrine are best stated in the Restatement of the Law, Torts, 2d §§ 479, 480. We adopt said sections as the law in Tennessee governing last clear chance and overrule all the cases in conflict with the principles contained therein. The text of said sections are as follows:

'§ 479. *Last Clear Chance: Helpless Plaintiff.*

'A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm,

'(a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and,

'(b) the defendant is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm, when he

'(i) knows of the plaintiff's situation and realizes or has reason to realize the peril involved in it or

'(ii) would discover the situation and thus have reason to realize the peril, if he were to exercise the vigilance which it is then his duty to the plaintiff to exercise.

'§ 480. *Last Clear Chance: Inattentive Plaintiff.*

'A plaintiff who, by the exercise of reasonable vigilance, could discover the danger created by the defendant's negligence in time to avoid the harm to him, can recover if, but only if, the defendant

'(a) knows of the plaintiff's situation, and

'(b) realizes or has reason to realize that the plaintiff is inattentive and therefore unlikely to discover his peril in time to avoid the harm, and

'(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm.' "

■ It is to be observed that, in the case of an inattentive plaintiff,[1] the defendant must observe him (the inattentive plaintiff) in a position of peril and fail to exercise ordinary care to avoid injuring him before there can be liability. In the case of a helpless plaintiff,[2] if defendant could have seen him in the position of peril by the exercise of ordinary care, and failed to exercise ordinary care to avoid the accident, defendant may be liable, notwithstanding plaintiff's contributory negligence. The evidence in the case shows that deceased was an inattentive plaintiff who placed himself in a position of peril. Since defendant did not see plaintiff in time to avoid the accident, there can be no liability in the case.

It follows that the case must be dismissed.

---

1. A plaintiff is "inattentive" if he could have discovered the danger created by the defendant's negligence in time to avoid the accident had he been on the alert. Restatement of Torts (Second) § 480, Comment a. His negligence consists of a failure to exercise reasonable vigilance for his own safety. *Id.* § 479, Comment c. *See McFall v. Tooke*, 308 F.2d 617 (6th Cir. 1962) (applying Restatement §§ 479–80 under Kentucky law).

2. A plaintiff is "helpless" if, immediately before the accident, he could not have avoided it by exercising reasonable care and vigilance. Restatement of Torts (Second) § 480, Comment a. He must have placed himself in a position of peril from which he could not extricate himself. *Id.* § 479, Comment c.