**Delores Ann WHALEY,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 77–1297.**

United States Court of Appeals,
Sixth Circuit.

Argued April 9, 1979.

Decided May 21, 1979.

As Amended May 25, 1979.

---

north and south and has a stop sign at the intersection of Sutherland Avenue, which latter street runs east and west.

On appeal plaintiff asserts in her brief as the principal issue presented for review: The District Court erred by finding as fact that David McKinney was operating his vehicle on Sutherland Avenue in a westerly direction, and that David E. Whaley was operating his vehicle in a southerly direction on Cary Street.

Mr. McKinney so testified at the trial that he was operating a Ford sedan owned by the Government, in a westerly direction on Sutherland Avenue; that he did not see the Chevrolet truck operated by the decedent in a southerly direction on Cary Street until it had entered the intersection without stopping, as required by the stop sign; and that his (McKinney's) view was obstructed by houses located on the easterly side of Cary Street. McKinney was the only eye witness to the collision who testified. His testimony was corroborated in important particulars by the testimony of Charles W. Maupin, a flagman at a construction site, who saw the Government car traveling west on Sutherland Avenue, a few seconds before the collision.

Also, Mrs. Lola Knott, who lives at the northeast corner of Cary Street, at its intersection with Sutherland Avenue, testified that she was looking out the window of her home and saw the deceased's pickup truck traveling at a fast rate of speed, going south on Cary Street, and a second later she heard a loud crash. She then went out the front door of her home and observed that said pickup truck was involved in the collision.

The District Court, in its written opinion, specifically found that McKinney, and not Whaley, was driving his vehicle in a westerly direction on Sutherland Avenue, and that Whaley drove his pickup truck in a southerly direction on Cary Street and entered the intersection without stopping; that Whaley was guilty of contributory negligence proximately causing the collision in failing to stop his truck at the stop sign on Cary Street; and that such failure bars recovery against the Government.

Joseph J. Levitt, Jr., Knoxville, Tenn., for plaintiff-appellant.

John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendant-appellee.

Before EDWARDS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for the defendant entered by the District Court after trial on the merits, in an action for damages brought by plaintiff under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.,* against the Government for wrongful death of her husband, David E. Whaley. The suit was for her benefit and for the benefit of their minor child, David E. Whaley, Jr., as the next of kin of the decedent.

The claim arose out of a collision between two motor vehicles, one owned by the Government, driven by its employee, David B. McKinney, and the other being driven by the plaintiff's husband; the collision occurred at the intersection of Sutherland Avenue and Cary Street in Knoxville, Tennessee, as a result of which collision plaintiff's husband lost his life. Cary Street runs

This Court has reviewed the trial record and the exhibits with great care, in view of the obviously sincere testimony of several witnesses tending to support appellant's dramatically different version of the accident. Our review, concerning primarily the physical facts of the accident, including the location of the damage to both vehicles and the place and relationship of both vehicles when they came to rest at the southwest corner of the intersection, is consistent with and lends additional support to the District Court's findings of fact.

In our opinion there was substantial evidence to support the factual findings of the District Court, and they are not clearly erroneous. Its conclusions of law are correct. It was within the province of the District Court to resolve any conflict in the evidence and to pass upon the credibility of the witnesses.

The judgment of the District Court is affirmed.