Cooper, J.,
delivered, tbe opinion of tlie court:
The complainant wrote to the defendant, II. J. Cooley, touching the building of a front porch of specified dimensions to a public house at Bean’s Station. The defendant wrote, in reply that he would do the wprk “in a plain, neat, workmanlike manner” for a given sum of money, “the said ’W. Ii. Turley furnishing all the materials necessary to hand for the said Cooley to complete the above mentioned carpenter’s work, and all expenses paid.” This proposition, supplemented by verbal explanations and understandings, *69 was accepted by complainant. One supplementary provision was that complainant was to furnish, and did furnish, a hand at fixed wages, to be deducted from the price to be paid defendant for the work. During the progress of the work the complainant entered into a parol contract with the defendant for the erection, by the latter, of rear and side porches to the building, of specified dimensions, and at a given price, upon the same terms as to-furnishing materials and paying expenses. The complainant also employed the defendant to do some repairing, or “patch work,” Avithin the building, and in another building across the street or- road, the complainant to furnish the material and pay expenses, and the defendant to- do the work, not at a fixed price, but to be paid reasonable compensation for his labor and skill expended thereon. The work thus contracted for was done by the defendant, and received by -the complanant Avithout objection. The 'complainant had, hoAvever, not furnished the necessary material for ceiling the porches, and it was agreed that the defendant should be released from so much of his contract upon a deduction of the cost of the unfinished work from the amount due him. The complainant made payments to the defendant as the Avork progressed, paid, or assumed to pay, the board of hands employed up to the completion of the work, and the cost of turning certain banisters for the porches. The parties not being able to agree as to the balance due the defendant, the latter brought suit at lav?, whereupon this bill Avas filed to have the accounts taken in the chancery court. The defendants answered, and a reference was made to the master to take the account asked for. Proof was taken by both parties, and the master made a report VA'hich the chancellor set aside, and again referred the cause with leave to the parties to introduce further proof. The defendants took the depositions of three new witnesses, and re-took the deposition of the defendant, H. J. Cooley, in rebuttal. The master again made a report, which Avas *70 excepted to by. both sides. Tbe exceptions of tbe defendants were allowed, those of tbe complainant overruled, and a decree rendered in favor of tbe defendant against tbe complainant for tbe balance found by tbe report, as corrected, witb tbe costs of tbe court of chancery and court of law. Tbe complainant appealed.
It seems tbat tbe complainant bad proposed to tbe defendant to have tbe work estimated, and to pay the estimafi. and “a good per cent.,” which was understood to be twenty-five per cent, in addition. -The complainant says tbat the estimate was to be made by two of'the bands by whom tbe work had been in part done. Tbe defendant says that tbe estimate was to be-made by disinterested and competent mechanics. Each party acted upon bis view of tbe proposition, and bad tbe estimate made without the concurrence of the other, tbe complainant having tbe two bands to make the estimate, and tbe defendant obtaining tbe services of skilled mechanics. Tbe first report of tbe master was based upon the complainant’s estimate thus obtained, treating tbe complainant’s version of the proposition and bis ex parte estimate as binding on the defendant. But tbe complainant in bis bill expressly charges that bis proposition was refused by tbe defendant, and that an account is therefore necessary, and tbe prayer is tbat “an account may be taken of all tbe work done by tbe said TI. J. Cooley under tbe contracts, and of tbe value thereof,” and of tbe credits and deductions. It is obvious, therefore, tbat the complainant did not come into court for relief upon tbe ground of a valid adjustment by a proposition made, accepted, and acted upon. Nor is it satisfactorily established tbat tbe minds of tbe parties ever came together upon a definite proposition. Tbe first report of tbe master was, therefore, properly set aside.
It has not been argued on behalf of tbe appellant tbat tbe chancellor erred in sustaining tbe defendant’s exceptions to the last report. These exceptions’were directed to a single item of credit, and tbe question of tlie allowance o i *71 interest on tlie balance of debt, and were well taken. Nor has it been seriously argued that the master’s estimate of the contract price of some of the work, and value of the residue is not sustained by the weight of evidence. The testimony is conflicting, but the preponderance is clearly in favor of the master’s findings. And even if there were doubt upon this point, this court would not inerfere with the conclusion reached concurrently by the clerk and the chancellor. In such a case the burden is upon the appellant to show that there is a clear preponderance of evidence against the findings.
Objection is taken to that part of the order of the chancellor again referring the cause to the master, which authorized the introduction of new evidence. But the new evidence is merely cumulative, and might be stricken out without affecting the result. The weight' of evidence would still be in favor of the findings below.
The objection to that part of tlie chancellor’s order k based upon the fact, embodied in the first' report of the master, that the solicitors of the parties had agreed that the complainant might file interrogatories for a certain witness, upon the return of which answers the account should be closed, “and the report made upon the proof then on file.” The chancellor was satisfied, from the affidavits submitted, that this agreement was, made without the knowledge or consent of the defendant, and might prejudice his rights, and, therefore, set it aside upon the defendant’s application. The conclusion reached above renders it unnecessary to pass upon the action of the chancellor. There can be no doubt, however, that counsel are authorized to control the conduct of a cause and make agreements in relation thereto which would ordinarily be binding on their clients. But there is probably just as little doubt that if the agreement is made without the knowledge of the client, and is prejudicial to his rights on the merits-of the controversy, it might be set aside upon prompt application, *72 especially where, as in this case, the opposite party is not seriously affected by what was done under the agreement. It is true the complainant’s counsel claims that he would not have been content with the interrogatories filed for the particular witness mentioned in the report, except for the agreement. But the court wo.uld, of course, have allowed him to retake the deposition if he had made the application.
Two points are made by the complainant’s exceptions to the master’s report, based upon the wording of the defendant’s letter proposing to> build the first porch. It is claimed that the board of hands by whom the work was done did not fall within “all expenses” which were to be paid by complainant, and that the “turning” of the ban-', isters for the porches fell within the “carpenter’s work” to be done by the defendant. The exceptions go upon the ground that the written proposition accepted by the complainant is a contract-in writing which must be construed on its face, without' reference - to explanatory evidence. For the witnesses, who are experts, all concur in saying that “turning” is not carpenter’s'worlc, and that the board of hands, in a contract of the character of the one in question, falls within the expenses to be borne by the employer. And the language of the writing admits of this construction, although somewhat vague. The written proposition of the defendant does not, however, embody the whole contract, even as to the first porch. It was only a part of that contract. A contract partly in writing and .partly oral is an oral contract. Bish. Contr., sec. 58. All the other contracts were exclusively oral. The evidence is conclusive that the complainant himself practically-construed the contract to be that tire turned banisters fell within the material to be furnished by him, and that the board of the hands fell within the expenses to be paid by him. This, in connection with the defendant’s positive testimony, *73 leaves no doubt as to tbe terms of tbe contract. Tbe decree is affirmed witb costs.
Judge McFarland, being related to one of tbe parties, did not sit in tbis case.