ROGER PERRY and DORIS PERRY,    )
    )
    Plaintiffs/Appellants,    )
    )    **Warren Chancery**
VS.    )    **No. 6025**
    )
DONALD VAN HISE and JOSEPHINE    )
VAN HISE, individually, and d/b/a    )
VAN HISE CONSTRUCTION    )    **Appeal No.**
COMPANY,    )    **01-A-01-9705-CH-00227**
    )
    Defendants/Appellees,    )

**FILED**

**February 6, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

**IN THE COURT OF APPEALS OF TENNESSEE**
**MIDDLE SECTION AT NASHVILLE**

**APPEAL FROM CHANCERY COURT**
**AT MCMINNVILLE, TENNESSEE**

**HONORABLE CHARLES HASTON, JUDGE**

Aubrey Harper, BR: 015817
P.O. Box 588
McMinnville, TN 37110
ATTORNEY FOR PLAINTIFFS/APPELLANTS

J. Hilton Conger, BR: 3607    Thomas Bratcher, BR: 3869
200 South Third Street    P.O. Box 568
Smithville, TN 37166    McMinnville, TN 37110
ATTORNEYS FOR DEFENDANTS/APPELLEES

**MODIFIED, AFFIRMED AND REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

BEN H. CANTRELL, JUDGE
WALTER W. BUSSART, JUDGE

| ROGER PERRY and DORIS PERRY, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs/Appellants, | ) | |
| | ) | **Warren Chancery** |
| VS. | ) | **No. 6025** |
| | ) | |
| DONALD VAN HISE and JOSEPHINE | ) | |
| VAN HISE, individually, and d/b/a | ) | **Appeal No.** |
| VAN HISE CONSTRUCTION | ) | **01-A-01-9705-CH-00227** |
| COMPANY, | ) | |
| | ) | |
| Defendants/Appellees, | ) | |

# O P I N I O N

This appeal involves the construction of a home. Plaintiffs engaged one of the defendants, Donald Van Hise, (hereafter, the defendant) to construct a home on their property. On May 24, 1994, defendant signed a proposal to construct the house, reserving the right to withdraw the proposal within 30 days, if not accepted by plaintiff. One of the plaintiffs signed an acceptance of the proposal. The other did not. On June 25, 1994, defendant tendered another proposal on different terms, which proposal was accepted by both plaintiffs. The second proposal contained an estimated time of completion of 3-1/2 - 4-1/2 months. Both proposals contained a base contract price subject to revision for changes during construction. Both contracts refer to "plans and specifications" but the record contains no plan and only a partial set of specifications. The plans and specifications were not specifically prepared for plaintiffs, but were "generic," that is, sold on the general market, to be altered as desired; and alterations were made, producing part of the present controversy.

Promptly after the second proposal was accepted, defendant began excavation which was delayed by unseasonable rains. Other delays resulted from mistakes or misunderstandings regarding details of construction. Plaintiff, Roger Perry, (hereafter plaintiff), met with defendant once weekly on the job to discuss details and progress of construction which was proceeding slowly because of change orders and other difficulties. Plaintiff made partial payments to defendant to the total amount of $110,000, but refused to make further payment because of

dissatisfaction with progress and quality of work. Defendant declined to proceed with construction without further payment on the contract price.

Plaintiffs sued defendant for damages for abandonment of the work, and cost of completion. Defendant filed a counter-complaint alleging a $30,551.00 unpaid balance of agreed price of construction, $15,508.00 cost of changes in construction, and for lien upon the land.

On July 14, 1995, Ralph Griffin, d/b/a Ole South Carpets and Furniture was permitted to intervene to assert a lien claim of $6,686.43 for tile installed and carpet ordered, but not installed. Plaintiff's answer admitted the installation of the tile and selection of the carpet, but denied liability for either. Defendant's answer denied ordering the tile or carpet and denied liability therefor.

After hearing the cause without a jury, the Trial Judge filed a memorandum stating:

> Having heard the proof at trial and rereading the transcribed testimony, the Court is of the opinion that there was a contract to build a home based upon a generic house plan. The Owner testified on direct that he authorized no changes in these plans and complains of poor workmanship and delays. However, on review of the proof, it appears that the Owner did authorize several changes, moved doors, windows, altered designs, materials, exceeded budget in many areas, but denied so doing until confronted with exhibits in his own handwriting authorizing the changes.
>
> Apparently most delays were caused by the Owner himself. Subcontractors and the Contractor met with the Owner during construction to let him (Owner) air his objections, but he would not specify what was wrong, allowing on occasions the subcontractors to almost complete a project before telling them that a change was necessary, thus greatly increasing the costs. The Owner's credibility as a witness in his own behalf was severally damaged by these revelations during the trial. For example, the air conditioning system was put in through Carrier Corporation, by whom the Owner is employed, and when this vendor was not paid, the Seller would not complete the final electrical inspection. The owner then approached the local electric company stating that he had put in the system personally, which is not borne out by the testimony.

As for damages, the Contractor sues only for actual expenses and it would be inequitable to allow the Owner to take advantage of the Contractor's hard work.

When the charges reached Fifteen Thousand, Five Hundred, Eight, and no/100 ($15,508.00) Dollars and the Owner refused to agree to pay, the Contractor was at his mercy. The Court finds the Contractor to be the more credible witness and determines that he has absorbed considerable expenses. It is, Therefore,

ORDERED that the Owner did authorize the charges and should be held responsible for the additional cost of Fifteen Thousand, Five Hundred, Eight & no/100 ($15,508.00) Dollars, plus the Thirty Thousand, Five Hundred, Fifty One and no/100 ($30,551.00) Dollars actual expenses proved by the Contractor.

As for the intervening party, carpet supplier, apparently their bill is not included in the Thirty Thousand, Five Hundred, Fifty One and no/100 ($30,551.00) Dollars paid by the Contractor, however the materials were used in the Owner's house. These figures total Four Thousand, Four Hundred, Fifty Three and no/100 ($4,453.00) Dollars, and because the costs to repair the items in controversy at the home are approximately the same amount as the carpet supplier's bill, It is, Therefore

ORDERED that the Contractor pay this bill, but not be required to make any repairs.

The Contractor's Cross-Petition is dismissed at his costs.

The "Final Decree" of the Trial Court stated:

This cause came on to be heard before the Honorable Charles D. Haston, Circuit Judge, and the Court having filed its memorandum opinion and findings of fact, which is incorporated herein by reference thereto, and the pleadings are amended to conform to the proof. It is, accordingly,

ORDERED and ADJUDGED that the counter-defendants have and recover of the plaintiffs, Roger Perry and Doris Perry, the sum of Fifteen Thousand, Five Hundred Eight Dollars ($15,508) representing additional costs incurred by the contractor due to changes requested by the owner, together with the sum of Thirty Thousand, Five Hundred Fifty-one Dollars ($30,551) representing actual costs incurred by the contractor which remain unpaid, for a total of Forty-six Thousand, Fifty-nine Dollars ($46,059), together with prejudgment interest thereon at the rate of ten percent (10%) from February 14, 1995, the last date upon which any payment was made by the owner to the contractor.

-4-

It is further ORDERED that said sum is a lien on the plaintiff's house and lot and the counter-plaintiff is entitled to have said lien enforced by the sale thereof, unless previously paid and discharged.

The intervening petitioner, Ralph Griffith, d/b/a Ole South Carpets and Furniture, is awarded judgment against the contractor, Donald Van Hise and wife, Josephine Van Hise, in the amount of Four Thousand, Four Hundred Fifty-three Dollars ($4,453) which amount shall be deducted by the Clerk and Master from the proceeds due the contractor, from the sale of the property.

On motion to alter or amend, pre-judgment interest was stricken from the judgment.

On appeal, defendant's object to consideration of the issues presented by plaintiff's for lack of clarity, citing *Tortorich v. Erickson*, Tenn. 1984, 6578 S.W.2d 190.

The issues on appeal are stated in plaintiffs' brief as follows:

The issues are centered around an agreement or contract setting out the terms of performance dealing with the Appellants who were the Plaintiffs below and who were the parties hiring the Appellees, the construction contractors, also the Defendants below, to construct a residential dwelling house.

Problems arose when the Appellants began noticing that the period of time to complete the house was turning out to be much longer than the 3-1/2 to 4-1/2 month period promised by the Appellee contractor to finish the house.

Further, it was found that the foundation of the house was built 4-1/2 inches shorter all around the house than what the specifications called for which caused a lot of problems in getting the walls, windows, and doors placed properly also causing all the other dimensions to be improper.

Also, probably the key issue concerns change orders, which the contract states that any alteration or deviation from the specifications involving extra costs, would be executed only upon written orders, wherein the appellants upon making corrections and adjustments were not considering such requests or change orders.

Defendant's also cite T.R.A.P. Rule 27(a)(4), Rule 6 of the Rules of this Court and *Schoen v. J. C. Bradford & Co.*, Tenn. App. 1982, 642 S.W.2d 427, in urging this Court to disregard plaintiff's arguments not supported by citation to pages of the record.

Plaintiff's "Statement of Facts" contains only four references to the record with three exhibits (exhibits 2, 9 and 10), and (pages 49, 108-131, and 52-55). Plaintiff's 4-page argument does not contain a single reference to the record.

Other than references to the shortcomings of plaintiff's briefs, defendants' only response to the plaintiff's brief reads as follows:

> The Chancellor filed a memorandum opinion and findings of fact in this cause on June 5, 1996. (R. Vol. 1, 29) The Court found that "the owner's credibility as a witness in his own behalf was severely damaged by these revelations during the trial". In a case tried without a jury, the question of credibility of the witnesses is exclusively for the trial judge trying the case and cannot be reviewed by the appellant courts. *Harwell v. Harwell*, 612 S.W.2d 182, 184.
>
> This case is before the Court from a trial before the Chancellor without the intervention of a jury; there is, therefore, a presumption of the correctness of the judgment below, and that judgment should be affirmed unless there is an error of law or unless the evidence is found by this Court to preponderate against the judgment below. *Smith v. Jarnagin*, 58 Tenn. App. 668, 674, 436 S.W.2d 310, 313 (1968); Rule 13(d), TRAP.
>
> This Court held in *Airline Construction, Inc. v. Barr*, 807 S.W.2d 247, 264 (Tenn. App. 1990):
>
>> "When the trial court has made a decision which hinges on witness credibility, then it will not be reversed unless, other than the oral testimony of the witnesses, there is found in the record clear, concrete, and convincing evidence to the contrary."
>
> The appellant complains of poor workmanship, delays in completion of the house, and changes which were not authorized by a written change order. The Court found in its memorandum opinion that the changes were authorized and, in deed, requested by the appellants and that most of the delays were caused by the appellants. (R. Vol. 1, 29). Appellee presented proof through a licensed architect that the

quality of construction met or exceeded the standard of the construction industry in Warren County. (T.E. 226)

The Court awarded the appellee judgment in the amount of $46,059 representing $30,551 in actual costs incurred by the appellee which had not been paid by the appellants together with $15,058 representing additional costs incurred by contractor due to changes authorized by the appellants. The final decree provides that the pleadings are amended to conform to the proof. (R. Vol. 1, 34). Appellee insists that the record in this cause supports the findings of the Chancellor. The Court found the appellee to be the more credible witness (R. Vol. 1, 30), and when reviewing findings of fact by a trial court sitting without a jury, this Court proceeds *de novo* upon the record accompanied by a presumption of correctness unless a preponderance of the evidence is otherwise. TRAP, 13(d).

Appellee respectfully requests that this Court affirm the decision of the trial court. Appellee further requests that this Court designate this appeal as frivolous and tax all costs to the appellants.

In spite of the foregoing, this Court has determined to review the judgment of the Trial Court within the limitations presented by the record and briefs.

Since the judgment of the Trial Court was entered without the intervention of a jury, the judgment must be affirmed if the evidence found in the record does not preponderate against the factual basis of the judgment and no error of law is found therein. T.R.A.P. Rule 13(d). *Hillsboro Plaza Enterprises v. Moon*, Tenn. App. 1993, 860 S.W.2d 45; Tenn. *Farmers Mutual Liability Ins. Co., v. American Mutual Liability Ins. Co.*, Tenn. App. 1992, 840 S.W.2d 933; *H. M. F. Trust v. Bankers Trust Co.*, Tenn. App. 1991, 827 S.W.2d 296.

The evidentiary record includes the two written contracts which are exhibited to this opinion, the admissions in the pleadings, and oral testimony with exhibits thereto. The certificate of the Trial Clerk lists twenty-seven exhibits, but four are not found with the record and parts of three others are missing. A significant part of the transcript is the colloquy between the Trial Judge and counsel near the conclusion of the trial, including the following:

THE COURT: How much more we got Mr. Conger on this direct testimony?

MR. CONGER: I can wind it up.

THE COURT: All right. Let's do that.

(By Mr. Conger)

Q. I'm handing you here what's been marked as Exhibit 16 and it says the bill summary there. It totals $31,551.60. Now, is that a total of the bills that have been unpaid, not unpaid, but a total of the bills that have been paid to the Perry project out of your pocket?

A. Yes, it is.

Q. You've got the receipts or whatever to back this up?

A. Yes, I do.

Q. But this money has actually been paid by you or --

A. Or owed by me.

Q. Or owed by you? Some of it you've had to sign notes for, I believe?

A. Yes.

Q. But for example, Bob's Central Heat and Air there has got $5,600. Mr. Priestly testified that he hadn't been paid but you've gone out and --

A. We've made arrangements to pay for it.

- - - -

THE COURT: Now, he'd been paid $107,000?

MR. CONGER: $110,000.

THE COURT: $110,000, already.

MR. CONGER: Yes, sir.

THE COURT: The total bill is 150,000. You've been paid 110,000 and you have put 31,000 of your own bucks in the house in addition to the 110,000 he paid you?

THE WITNESS: Yes.

MR. CONGER: And it's our contention that there is another $8,000 in changes in addition to the 50,000 that have been already completed.

THE WITNESS: 8,900 some odd dollars. I really don't know.

-8-

MR. CONGER:        8,631.

THE COURT:        8,631, in addition, to the 31,000?

MR. CONGER:        Yes, sir.

THE COURT:        As a result of changes?

MR. CONGER:        Request by Perry. Let me just go ahead and introduce --

THE COURT:        Initiated by the plaintiff?

MR. CONGER:        A summary of those changes there.

THE COURT:        This will be Exhibit Number 18.  It's already been entered.

MR. CONGER:        Yes.  And when you see that change order summary you'll notice that there was actually $12,000 in changes but with credits given for the fireplace and the vacuuming system there was $8,600.

THE COURT:        That totals $39,631, assuming your 31,000.

MR. CONGER:        No, the 31,000 is all we're asking for. $31,000, plus we think that we're due interest on that, but $31,000 is what we're out-of-pocket.  What we're saying is that the contract price, 150,000 contract price should be increased to $158,631.00, because there's 8,600 in changes over and above the $150,000 contract price.

THE COURT:        So the only thing that you insist is $31,000?

MR. CONGER:        And $500.

THE COURT:        To pay that out of his pocket?

MR. CONGER:        Yeah.

THE COURT:        And that's all you insist here today?

THE WITNESS:        Yes, sir.  Well, there's the tile.

THE COURT:        Yeah, we've got to work that out.

MR. CONGER:        Well, yeah.  That lady has not been paid. If we owe it, then it's whatever her figure was in addition.

THE COURT:        $4,400.  Okay.  Let's see if we can figure right here and we'll take a few minute break. $150,000 for the total contract price.  110,000 has been paid to the defendant actually.  And then plus 8,600 in changes brought

> about or initiated by the landowner would increase this there. The full contract price is $158,631. All you insist that you want is your 31,000 paid out of your pocket and this gentleman, the plaintiff, says that it cost him 62,000 to fix this place up, to finish it all. So we're faced with two figures which you say you're entitled to and he says he's entitled to 62,000, you say that as well.
>
> MR. CONGER:     The 62,000, Judge, he's only paid out a 110,000.
>
> THE COURT:     Uh-huh.
>
> MR. CONGER:     Yeah, the rest of the contract. He was due to pay that any way.

Plaintiff's claim of $64,265 damages was supported by an estimate of $62,815 from the insurance adjuster, a $24,500 estimate of a contractor and the testimony of Mr. Perry of $35,084 minus admitted balance of $39,914 due on the agreed base price of construction.

Defendant's evidence supporting the findings and judgment of the Trial Judge included testimony of defendant of the changes ordered by plaintiffs, the testimony of an architect as to the nature of the plans and specifications and the testimony of a contractor as to the acceptable quality of the work performed by defendant. Defendant identified a "Change Order Summary" statement summarizing his version of charges and credits indicating $8,631.67 now due defendant for changes agreed upon by the parties. A copy of said statement is appended to this opinion as Exhibit 18.

The factual findings of the Trial Court include the following:

1.     The parties agreed upon the construction of the house from a "generic" (or general) plan.

2.     Plaintiffs did authorize or order several changes in the plan which increased the agreed cost of construction $15,508.00.

3.     Most of the delays were caused by the plaintiffs.

-10-

4.     The balance due upon the original contract price was $30,551.00, plus the $15,508.00 for changes, making a total of $46,059.00.

5.     The cost of correcting faulty workmanship was approximately $4,453.00.

The evidence supporting a $15,508.00 increase in the contract for changed or additional construction appears to be uncontroverted.

No specific evidence is found to support the findings of the Trial Court that the cost to plaintiffs of correcting faulty construction was "approximately the same amount" as the bill of the carpet supplier ($4,453.00). It does appear from the record that part of the tile and carpet charge was an "allowance" to be furnished by the contractor without extra charge. This being true, the contractor should be required to pay $3,200.00 of the tile carpet bill as part of his expense of performing his original undertaking.

Mr. Van Hise testified in detail about the reasonable cost of correcting defects and completing the contract. His estimate of the total amount due plaintiff for completing the incomplete construction was $2,988.00.

The cross-complaint of the tile and carpet company states:

> 2.     That in connection with his business the defendants contacted the plaintiff with regard to ordering and installing tile and carpeting in a new home which is owned by the defendants, Roger Perry, and wife Doris Perry and which is being constructed by the defendants, Donald Van Hise Construction Company.

> 3.     That, in connection with this order, the plaintiff purchased certain tile and installed it in the home in question thus causing Perry and/or Van Hise being indebted in the amount of $4,453.49 to the plaintiff. In addition to the above stated materials and labor, certain orders were placed for 97 yards of carpet with the accompanying pad and with the necessary labor to install the same totaling the amount of $2,232.94. While the above stated tile has been installed, the carpet and pad ordered by the defendants remains at the plaintiff's store because of the controversy in this case.

4. That the defendant, Perry and/or Van Hise are indebted to the plaintiff in the amount of $6,686.43 for materials and labor as set out above.

Wherefore plaintiff sues the defendants, each of them for the sum of $6,686.43 plus interest and attorney fees.

The answer of the contractor to the cross-complaint was:

Come now the defendants, Donald Van Hise and Josephine Van Hise, individually, and d/b/a Van Hise Construction Company, and for answer to the complaint filed by Ralph Griffith, d/b/a Ole South Carpets and Furniture, and say:

1. Admitted.

2. These defendants deny that they contracted with the third-party plaintiff with regard to ordering and installing tile and carpeting in the home of Roger and Doris Perry.

3. These defendants are informed and believe that the third-party plaintiff furnished and installed tile in the home of Roger and Doris Perry and that the Perrys placed orders for carpeting from the third-party plaintiff; however, these defendants deny that they placed orders with the third-party plaintiff.

4. These defendants deny that they are indebted to third-party plaintiff in any amount.

During oral argument, counsel for the tile and carpet supplier stated:

He was allowed $3,200 in allowance for carpeting and tile. -- The contractor contacted my client --- and sent the Perrys over to pick out what they wanted within this allowance. --- he asked for $6,000.

Also during oral argument to this Court, counsel for defendants stated:

Any way you arrive at it, it ought to be about $35,000, yeah, around $35,000. That's what it ought to be.

Specific evidence is not found in the record to support the amount awarded to the defendants by the Trial Court. However, the above quoted statement of counsel for defendants to the Trial Court and this Court are deemed valid evidence which limits the amount to be awarded. *Hooper v. Rhea*, Tenn. (1885), 3 Shannon Tenn. Cas. 145; *Gates v. Brinkley*, 72

Tenn., 4 Lea 710 (1880); *Turley v. Cooley*, 3 Tenn. Cas. 68 (1979); *Hammon v. Miller*, 13 Tenn. App. 458 (1931); *Continental Ins. Co. v. Smith*, 3 Tenn., 3 Higgins 161 (1912).

In a case heard upon oral evidence without a jury, the judgment of the Trial Judge as to credibility of witnesses is entitled to great weight on appeal. *Royal Ins. Co. v. Alliance Ins. Co.*, Tenn. App. 1985, 690 S.W.2d 568; *Capital City Bank v. Baker*, 59 Tenn. App. 477, 442 S.W.2d 259 (1969).

This Court finds no grounds upon which to disturb the finding of the Trial Court as to credibility of witnesses.

The defendants' answer denied the existence of a partnership. The defendant, Don David Van Hise, testified under oath that he was the contractor in this case, and the sworn counter-claim also denies the alleged partnership. There is no other evidence on the subject. Therefore the judgment should not be in favor of Josephine Van Hise.

The non jury judgment of the Trial Court is reviewed by this Court *de novo* upon the record with a presumption of correctness unless the evidence preponderates otherwise. TRAP Rule 13(d). Except as above stated, the evidence does not preponderate otherwise.

This Court finds that the evidence supports the following findings and result:

| | |
|---|---:|
| Original agreed price of contract | $149,000.00 |
| Changes required by buyers | 15,508.00 |
| Total contract price | $164,508.00 |

| | | |
|---|---:|---:|
| Paid by purchasers | $110,000.00 | |
| Cost of completion | 27,600.00 | |
| Credits due purchasers | | $137,600.00 |

| | |
|---|---:|
| Balance due on contract | $ 26,908.00 |

Liability of contractor to tile-floor dealer
    for actual deliveries ................................. $   4,453.00
Allowance in general contract ...................... <u>   3,200.00</u>

Liability of contractor in excess of
    allowance ................................................................ <u>$   1,253.00</u>
Total due contractor from plaintiffs ............................. $ 28,161.00

The foregoing requires the defendant-contractor to pay the $4,453.00 awarded to the intervenor and requires the plaintiffs to pay $28,161.00 to the defendant-contractor.

The judgment of the Trial Court is modified to delete the name of Josephine Van Hise as counter-plaintiff, to award judgment in favor of Donald Van Hise against the plaintiffs for $28,161.00, and to award judgment in favor of the intervenor, Ralph Griffin and against Donald Van Hise in the amount of $4,453.00. As modified, the judgment of the Trial Court is affirmed. The request for adjudication of frivolous appeal is denied. Costs of this appeal are assessed equally, that is, one half of the costs will be paid by the plaintiffs and the other half will be paid by Donald Van Hise. The cause is remanded to the Trial Court for entry of judgment in conformity with this opinion and other necessary procedures.

**MODIFIED, AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WALTER W. BUSSART, JUDGE